[Stewart's Heirs v. Lee et al.]

## Stewart's Heirs *v.* Lee *et al.*

*Bill in Equity by Heirs, to enforce Vendor's Lien on Lands sold by Administrator under Probate Decree.*

1.  *Receipt of Confederate treasury-notes by administrator, in payment for land.* The receipt by an administrator, in good faith, in 1862–3, of Confederate treasury-notes, in payment of the purchase-money for lands sold by him under a probate decree in 1858, extinguishes the debt, in the absence of all fraud and collusion, and with it the vendor's lien.

APPEAL from the Chancery Court of Sumter.
Heard before the Hon. A. W. DILLARD.

R. H. SMITH, and THOS. COBBS, for appellants.

SNEDICOR & COCKRELL, with THOS. B. WETMORE, *contra.*

STONE, J.—Bill by heirs-at-law to enforce vendor's lien. Sale for division made by administrator, in 1858, under an order of the Probate Court; and purchase-money paid to him in Confederate currency, during the years 1862 and 1863. Collection coerced by the administrator, and no charge of fraud, collusion, or bad faith against any one. Sole ground taken for relief is, that complainants were infants, and administrator, by the voluntary receipt of Confederate currency, did not extinguish the debt due the estate.

In *Waring v. Lewis*, at December term, 1875, this court decided, that "The receipt by an administrator *de bonis non* of Confederate treasury-notes, in 1862, in satisfaction of a decree rendered in his favor against an outgoing administrator on final settlement, extinguishes the debt, and discharges the outgoing administrator from further liability, if the payment was made and received *bona fide,* and without any fraud or collusion." That decision has been followed, and re-affirmed, in many cases since that time.—*Vanhoose v. Bush*, at December term, 1875.

The bill in the present case contains no equity, and the decree of the chancellor is affirmed.